IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CONNIE GOSNELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-00671-P |
| | § | |
| SELECT PORTFOLIO SERVICING, INC., | § | |
| | § | |
| Defendant, | § | |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee in Trust for the Registered Holders of Long Beach Mortgage Loan Trust 2006-10, Asset Backed Certificates 2006-10, | § | |
| | § | |
| Intervenor. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Select Portfolio Servicing, Inc.'s ("SPS") and Intervenor Deutsche Bank National Trust Company, as Trustee in Trust for the Registered Holders of Long Beach Mortgage Loan Trust 2006-10, Asset Backed Certificates 2006-10's ("Deutsche Bank") Motion for Summary Judgment (ECF No. 11), filed February 14, 2020. Having considered the Motion, briefing, and the applicable law, the Court finds that the Motion for Summary Judgment should be and is hereby **GRANTED**.

## BACKGROUND

Plaintiff Connie Gosnell alleges that she is the owner of certain property commonly known as 1703 Bayou Drive, Arlington, Texas 75024 ("Property"). Orig. Pet., ECF No. 1-4. Plaintiff further alleges that SPS obtained an order for foreclosure on January 5, 2018, and then scheduled a foreclosure for August 6, 2019. *Id.* On July 31, 2019, Plaintiff filed the underlying lawsuit in Texas state court, and it was removed to this Court on August 26, 2019. *See* Nt. of Removal, ECF No. 1. Plaintiff's only claim that she asserts is for breach of contract based on SPS's alleged failure to provide notices as required by her mortgage loan documents. *Id.*

After the case was removed, Deutsche Bank filed an Original Complaint in Intervention, seeking a judgment for foreclosure. ECF Nos. 7, 8. On February 14, 2020, Deutsche Bank and SPS filed a Motion for Summary Judgment on Plaintiff's breach of contract claim and on Deutsche Bank's request for an order for foreclosure. ECF No. 12. Plaintiff never responded, and the Motion for Summary Judgment is now ripe for review.

## LEGAL STANDARD

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine dispute as to any material fact by informing the court of the basis of its motion

and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(c).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the nonmovant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

## ANALYSIS

**A.    Plaintiff's Breach-of-Contract Claim Fails**

To succeed on a breach-of-contract claim in Texas, the plaintiff is required to establish (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) a breach of the contract by the defendant, and (4) damages sustained by the plaintiff as a result of the breach. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016). A plaintiff must allege her own performance, because "a party to a contract who is [herself] in default cannot maintain a suit for its breach." *Id.* (quoting *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)).

In the Motion for Summary Judgment, SPS challenges Plaintiff to set forth any evidence that she complied with the terms of the Texas Home Equity Note (MSJ App'x at 1-A) and Texas Home Equity Security Instrument (*Id.* at 1-B) that constitute her mortgage loan ("Loan"). MSJ at 8. SPS then sets forth notices of default from January 14, 2013 and

April 25, 2014. MSJ App'x at 1-E, 1-F. Each of these provides specific amounts for which Plaintiff is in default on the Loan. *See id.* SPS then set forth a notice of acceleration from June 27, 2019, which stated that Plaintiff's past due monthly mortgage payments had not been received, so the Loan had been accelerated. *Id.* at 1-G. Because Plaintiff has failed to respond, this evidence is uncontroverted.

Based on the Court's review of SPS's summary judgment evidence, the Court concludes that SPS has conclusively disproved the second element of Plaintiff's breach-of-contract claim. *See Anyafulu v. EquiCredit Corp. of Am.*, 664 F. App'x 410, 412 (5th Cir. 2016) (per curiam) (affirming summary judgment on breach-of-contract claim when the record reflected that homeowner did receive foreclosure notice and homeowner set forth no documentary evidence to support her claim). Indeed, Plaintiff has failed to plead, let alone set forth any evidence to create a fact issue on whether she has performed under the Loan contract. *See* Orig. Pet. at 2; *Villarreal*, 814 F.3d at 767; *see also Walker v. Willow Bend Mortg. Co., LLC*, No. 3:18-CV-0666-D, 2019 WL 1569683, at *6 (N.D. Tex. Apr. 11, 2019) ("Wells Fargo has produced evidence, in the form of Walker's loan records, indicating that Walker has not performed his contractual obligations by remaining current on his mortgage payments until the alleged breach. Walker has failed to identify evidence to the contrary. Walker therefore lacks evidence for an essential element of his breach of contract claim.").

Therefore, SPS's Motion for Summary Judgment on Plaintiff's breach-of-contract claim should be and is hereby **GRANTED**.[1]

## B.  Deutsche Bank is Entitled to an Order for Foreclosure

Deutsche Bank also seeks summary judgment on its request for an order for foreclosure and declaratory judgment of its right to foreclose. MSJ at 10–12. "A suit to foreclose on real property . . . is a legal proceeding seeking the satisfaction of a debt through foreclosure of [a] lien on real property." *Mark v. Household Fin. Corp. III*, 296 S.W.3d 838, 839 (Tex. App.—Fort Worth 2009, no pet.). "The basis of such an action is a promissory note secured by a deed of trust or security instrument." *Id.* "A lien securing repayment of a home-equity note may only be foreclosed upon by a court order." *De La Garza v. Bank of New York Mellon*, No. 02-17-00427-CV, 2018 WL 5725250, at *6 (Tex. App.—Fort Worth Nov. 1, 2018, no pet.) (Sudderth, C.J.) (quoting *Grady v. Nationstar Mortg., LLC*, No. 02-16-00481-CV, 2017 WL 5618690, at *1 n.2 (Tex. App.—Fort Worth Nov. 22, 2017, pet. denied)); *see also* Tex. Const. art. XVI, § 50(a)(6)(D).

"To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration." *Frank v. OneWest Bank, FSB*, No. 4:12-CV-424, 2014 WL 12564092, at *8–10 (E.D. Tex. Aug. 15, 2014); *Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013); *see*

---

[1]Because the Court grants summary judgment on this ground, the Court does not address SPS's additional arguments regarding standing, lack of damages, and an accounting.

*also Austin v. Countrywide Homes Loans*, 261 S.W.3d 68, 72 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

Attached to its Motion for Summary Judgment, Deutsche Bank provides a declaration from, Mark Syphus, SPS's "Document Control Officer." MSJ App'x at Ex. 1. Syphus's declaration proves up a variety of Loan documents, including the Home Equity Note, Security Instrument, notices of default, a notice of acceleration, a reinstatement quote, and a payoff amount statement. *See id.* Syphus's testimony and the attached documents conclusively establish that a debt exists as evidenced by the Home Equity Note (*Id.* at Ex. 1-A) and that the debt is secured by a lien as evidenced by the Home Equity Security Instrument (*Id.* at Ex. 1-B). Syphus's testimony and the attached documents conclusively establish that Plaintiff is in default and has been since November of 2009. *Id.* at Ex. 1; Ex. 1-E; Ex. 1-F. Finally, Syphus's testimony and the attached documents conclusively establish that Plaintiff was properly notified of the default and acceleration. *Id.* at Ex. 1-E; Ex. 1-F; Ex. 1-G.

Having considered Deutsche Bank's uncontroverted summary judgment evidence, the Court concludes that Deutsche Bank is entitled to summary judgment on its claim for an order for foreclosure. Accordingly, Deutsche Bank's Motion for Summary Judgment on its claim should be and is hereby **GRANTED.**

## CONCLUSION

For the foregoing reasons, the Court finds that SPS's and Deutsche Bank's Motion for Summary Judgment (ECF No. 11), should be and is hereby **GRANTED.** Accordingly,

Plaintiff's claims are **DISMISSED with prejudice**, and Deutsche Bank is entitled to a judgment for foreclosure.

    **SO ORDERED** on this **23rd day** of **June, 2020**.

*/s/ Mark T. Pittman*
Mark T. Pittman
UNITED STATES DISTRICT JUDGE